PER CURIAM.
Norman Zulauf appeals from a ruling of the Florida Unemployment Appeals Commission denying him unemployment compensation benefits. We reverse upon a finding that the Commission’s decision dis *891 regards both the appeals referee’s findings of fact as well as applicable law.
Zulauf worked as an assistant manager for a credit union, a job which required bond coverage. He was covered under a surety bond issued to his employer. When his eligibility for continued coverage came under investigation by the bonding company, Zulauf s employer discharged him. The appeals referee specifically found that Zu-lauf was bonded at the time of discharge and that his subsequent loss of bonding was not due to culpable conduct.
Section 443.101(l)(a), Florida Statutes (1985), provides for disqualification from benefits when the employee “has voluntarily left his employment without good cause attributable to his employer-” This court has determined that the term “voluntary” functions within the statute as an initial test to show whether the employee “[became] unable to meet a known, understood, and accepted condition of employment.” Adain v. Florida Unemployment Appeals Comm’n, 523 So.2d 175, 177 (Fla. 3d DCA 1988) (quoting Florida Sheriffs Youth Fund v. Dept, of Labor and Employment Sec., 436 So.2d 332, 334 (Fla. 2d DCA 1983)). The record plainly discloses that Zulauf had not become unable to meet an accepted condition of employment, that is, bondability. He was fired, not because he lacked bond coverage, but because his employer feared he might lose the coverage. Zulauf, therefore, is entitled to unemployment compensation benefits. The Commission’s decision is reversed, and the cause is remanded with directions to adopt the appeals referee’s decision awarding benefits.
REVERSED AND REMANDED WITH DIRECTIONS.